NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0454n.06

No. 20-6036

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11">FILED<br>Oct 06, 2021<br>DEBORAH S. HUNT, Clerk</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>DILLON MEACHAM,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

BEFORE:    SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge**.  Dillon Meacham appeals his 168-month sentence for possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, arguing that his sentence is procedurally and substantively unreasonable.  We disagree and affirm.

**I.**

In 2019, Meacham pled guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  In exchange for Meacham's guilty plea, the United States dismissed conspiracy and firearm charges.  At sentencing, the district court determined that Meacham had a total offense level of 31 and a criminal history category of V, which included convictions related to drug possession and driving under the influence.  The resulting advisory Guidelines sentencing range was 168 months to 210 months.  In a memorandum filed with the district court, Meacham's counsel requested a downward

variance, arguing that Meacham's previous convictions were "non-violent and consist[ed] mostly of minor offenses committed in his youth." Meacham's counsel also argued that the district court should place less weight on Meacham's criminal history because he committed those offenses in his late teenage years and early twenties. Finally, Meacham's counsel argued that any sentence, even a sentence that varied downward from the Guidelines, "would represent a marked increase in punishment. . .and would adequately deter him from future criminal conduct."

At the sentencing hearing on August 26, 2020, Meacham's counsel further argued that even a 10-year sentence would deter Meacham because he has never served more than one year in jail. Meacham's counsel referred to letters from his family and friends to show that Meacham could make positive changes with a lesser sentence than what the Guidelines recommended. The district court rejected these arguments and ordered, based on the § 3553(a) factors, that Meacham serve a sentence of 168 months in prison and five years of supervised release upon release from prison. Meacham timely appealed his sentence.

**II.**

Meacham challenges his sentence as procedurally and substantively unreasonable. Sentencing challenges "are reviewed for abuse of discretion." *United States v. Coppenger*, 775 F.3d 799, 802 (6th Cir. 2015) (citations omitted). "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Fowler*, 819 F.3d 298, 303–04 (6th Cir. 2016) (quotation omitted). Under this standard, we will reverse the sentencing court's decision only if we are "left with the definite and firm conviction that the sentencing court committed a clear error of judgment." *Coppenger*, 775 F.3d at 802–03 (citation omitted).

**III.**

Meacham asserts that his sentence is procedurally unreasonable because the district court failed to address Meacham's arguments in support of his request for a downward variance in his sentence, namely, that Meacham's "youth at the time of his criminal conduct" mitigated against a longer sentence and that a lesser sentence for Meacham "would equally achieve all the goals of 18 U.S.C. § 3553(a)." And because the district court failed to address these arguments, Meacham argues, the district court "committed procedural error" and a "remand for resentencing is warranted."

As an initial matter, the parties dispute whether Meacham's objections at the sentencing hearing were specific enough to preserve abuse-of-discretion review on appeal. If a party fails to object with a "reasonable degree of specificity" sufficient to give the trial court notice of the basis of the objection, then the plain-error standard of review applies. *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (internal quotation marks and citation omitted). "A specific objection provides the district court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *Id.* Here, near the conclusion of the sentencing hearing, the district court asked both parties whether they objected to the 168-month sentence imposed on Meacham. Meacham's counsel responded by raising an objection as "to the adequacy of the Court's explanation for denial of the variance motion." But Meacham's counsel did not specify what exactly was inadequate about the district court's explanation. While the district court noted the objection, it had no opportunity to address any specific errors because Meacham's generalized objection provided none. *See United States v. Simmons*, 587 F.3d 348, 356 (6th Cir. 2009) (finding counsel's objection too general to preserve his procedural objection). Therefore, Meacham's counsel failed to properly preserve his objection for appeal.

Nonetheless, whether this court applies plain-error review or abuse-of-discretion review, Meacham's procedural reasonableness arguments are meritless. For a sentence to meet the procedural reasonableness standard, the district court must, among other requirements, "explain its reasoning to a sufficient degree to allow for meaningful appellate review." *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012) (quotation omitted). The district court should also address any non-frivolous arguments that the defendant raises for a lesser sentence and explain why the district court rejected the defendant's arguments.[1] *See United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010). The record must show that the district court addressed and explained the reasons for rejecting the defendant's arguments. *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007). But "lengthy explanation[s]" are "unnecessary where a defendant's arguments are straightforward [and] conceptually simple and where a sentencing court imposed a within-Guidelines sentence." *United States v. Cochrane*, 702 F.3d 334, 344 (6th Cir. 2012) (quotation omitted) (second alteration in original).

Here, the district court addressed and explained why it rejected Meacham's arguments for a downward variance in his sentence. In requesting a downward variance, Meacham's counsel argued that Meacham has never served more than a year in prison, and that a within-Guidelines sentence would be "at least ten times more than any punishment he's faced in the past." The district court considered and rejected that argument, explaining that Meacham is no different from other defendants with extensive criminal records in the state system who faced longer sentences in federal court. The district court further explained that to treat Meacham differently because of

---

[1] There are several requirements for a sentence to be procedurally reasonable. The district court must properly calculate the Guidelines range, consider the § 3553(a) factors, consider the parties' arguments for a sentence outside the Guidelines range, articulate its reasoning for imposing the chosen sentence, and explain the reasons for rejecting the parties' arguments for a sentence outside the Guidelines range. *See United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017).

his lack of a federal criminal record would defeat the purpose of the Sentencing Guidelines and how they are calculated.

Further, the district court did address, albeit briefly, Meacham's youth. While recognizing that Meacham is young, the district court also recognized that Meacham's record is neither the worst nor the best record compared to those of similar defendants. The district court noted that Meacham has repeatedly "flout[ed] the law, including violating release conditions." "And previous judicial interventions have failed to improve his behavior." In short, the district court concluded that Meacham's youth did not outweigh these other factors in justifying a downward variance in sentencing.

Finally, the court adequately explained why a downward variance to a 10-year sentence would not be appropriate. Besides Meacham's lengthy criminal history in state court, the district court noted a trend in Meacham's criminal history that culminated in Meacham's trafficking drugs while in possession of a firearm, which increases the risk of violence. The district court then concluded:

> [T]he Court does not agree that a sentence outside of the guidelines would properly respect the 3553 factors and allow the Court to impose a sentence that accomplishes the purposes of punishment as set forth in 3553. Accordingly, the Court will deny the motion, and the Court will stay within the guidelines.

In sum, the district court's analysis of Meacham's offense characteristics and criminal history demonstrates that it addressed Meacham's arguments for a downward variance and explained why it rejected them.

On appeal, Meacham relies on one case, *United States v. McAllister*, 491 F. Appx. 569, 577–78 (6th Cir. 2012), for the proposition that the district court failed to address Meacham's arguments. But Meacham's reliance is misplaced and *McAllister* distinguishable. In *McAllister*,

the district court failed to explain why it rejected the defendant's arguments for a downward variance, announcing only:

> Mr. Hughes had asked the Court to impose a nonguidelines sentence in this case. The Court has considered his request, and the Court will deny that request. The Court has taken into consideration the defendant's background, his history, and his characteristics, as the Court is required to do under Section 3553, and the Court concludes, primarily because of his criminal record, that a sentence outside the guidelines would not fulfill the factors in Section 3553.

*Id.* at 577.

Unlike in *McAllister*, the district court here addressed Meacham's arguments and explained why it rejected Meacham's request for a downward variance. The district court considered—albeit briefly in some parts—Meacham's youth, criminal history, concerning trends in his criminal history, familial support, and compared Meacham to similarly situated defendants. The district court weighed all of these factors and concluded that a downward variance in Meacham's sentence was not appropriate.

Finally, there is no formulaic rule requiring the district court to explicitly address every argument that a defendant raises in requesting a downward variance. *See Rita v. United States*, 551 US. 338, 356 (2007). Instead, the district court should explain why it rejected the defendant's arguments so the record and context make the district court's reasoning clear for appellate review. *Wallace*, 597 F.3d at 803; *United States v. Chiolo*, 643 F.3d 177, 182 (6th Cir. 2011) (finding that the district court met the requirements of procedural reasonableness because it explained its reasoning sufficiently to allow for appellate review). Here, the record makes clear why the district court, after considering the relevant arguments and factors, did not grant a downward variance in Meacham's sentence. Therefore, Meacham's sentence is procedurally reasonable.

**IV.**

Meacham next asserts that the district court abused its discretion and imposed a substantively unreasonable sentence because his 168-month sentence was "longer than necessary" and could cause "unwarranted sentencing disparities." Meacham's arguments fail here too. "A claim that a sentence is substantively unreasonable is a claim that a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* A properly calculated, within-Guidelines sentence is presumed to be substantively reasonable. *Rita*, 551 U.S. at 347. Here, we apply the presumption of reasonableness because the district court correctly calculated the advisory Guidelines sentencing range, and Meacham did not object to the Guidelines calculation or the resulting sentencing range.

Nonetheless, Meacham argues that his sentence was longer than necessary to meet the § 3553(a) goals because the district court put too much weight on Meacham's criminal history and a lower sentence is more appropriate because of Meacham's youth. But the district court considered Meacham's arguments, the relevant facts and sentencing factors, arrived at a reasonable sentence within the Guidelines, and adequately explained why it imposed that sentence. Furthermore, Meacham's 168-month sentence is at the bottom of the Guidelines range, and Meacham did not rebut the presumption that his sentence is substantively reasonable. What Meacham really disputes here is how the district court balanced the sentencing factors, which is within the discretion of the district court and beyond the scope of our review. *See United States v. Adkins*, 729 F.3d 559, 572 (6th Cir. 2013) (holding that a defendant's "displeasure with the manner in which the district court balanced the § 3553(a) factors is simply beyond the scope of our review").

Meacham's last argument is that his 168-month, within-Guidelines sentence was substantively unreasonable because it could cause "unwarranted sentencing disparities." The point of the Guidelines is to avoid sentencing disparities for similarly situated defendants, not to create them. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007). To that end, we have held that a within-Guidelines sentence is more likely to close disparity gaps than widen them. *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011). Indeed, a district court's decision to grant a variance from the Guidelines "should not turn on section 3553(a)(6)." *Id.* Here, the district court imposed the lowest possible sentence within the Guidelines range. Under *Swafford*, whether this within-Guidelines sentence is substantively unreasonable cannot turn on whether the sentence creates an unwarranted sentencing disparity. Therefore, Meacham's 168-month sentence is substantively reasonable, and the district court did not abuse its discretion in imposing Meacham's sentence.

For these reasons, we affirm.